WEIMER, J.,
concurring in the result only.
|,I respectfully concur. As the majority acknowledges, this court granted writs “to review the applicability of La. R.S. 9:2795.3, the Equine Immunity Statute.” Larson v. XYZ Ins. Co., 16-745, op. at 413 (La. 5/3/17). Nevertheless, and without any discussion or analysis of the statute, the decision of the court of appeal is rather summarily affirmed, on the basis that there are genuine issues of material fact which make summary judgment inappropriate. The case is remanded, but not before the majority points out that “Tissues of the applicability of the immunity statute and potential comparative negligence ' of the parties remain.” Id. at 417.
Because we granted the writ for the specific purpose of reviewing the applicability of the immunity statute, I believe analysis of the statute insofar as the undisputed facts are concerned is appropriate in order to provide some guidance on the law to the parties on remand. At least one of my colleagues is in agreement on this point, as he has authored a concurring opinion in which he offers his own view of the immunity statute under “the evidence presented thus far.” Id. at 419 (Guidry J., concurs and assigns reasons).
|aI write separately ,to emphasize that this concurrence is but one Justice’s view of the statute and, because it is -only one Justice’s view, it should not be given undue weight by the district eourt in its analysis on remand. If a concurring opinion represented the majority view, this case would have been resolved on that basis.
With all due respect to the concurring opinion, I believe a different analysis is merited. While I do no suggest that my analysis - represents the prevailing view, I offer it by way of dem’onstrating the difficulty faced by the district court on remand in interpreting La. R.S. 9:2795.3 without definitive guidance from this court.
What our rules of statutory construction teach us is that the fundamental question in all cases of statutory interpretation is legislative intent, and we begin our search for that intent with the language of the statute; Moss v. State, 05-1963, p. 15 (La. 4/4/06), 925 So.2d 1185, 1196; see also, Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (“We have stated time and again that courts must presume that a legislature says in a statute what it means and' means in a statute what it says there.”). In this cas'e, even a cursory examination of the language of La. R.S. 9:2795.3 reveals that the legislature has extended immunity to some, but not all, activities involving equines. This is evidenced by the reality that, while there are many facts surrounding the accident that remain in dispute, it is undisputed that the activity in *418 which the plaintiff was engaged-petting the horses and feeding them treats-is not among the activities specifically enumerated in the statute as falling within the definitions of “engages in an equine activity” or of “equine activity.”
The concurring opinion attempts to remedy this omission through an expansive reading of La. R.S. 9:2795.3(A)(3)(e), which defines an “equine activity” as “[a] ride, trip, hunt, or other equine activity of any type however informal or impromptu that are sponsored by an equine activity sponsor.” However, the language of this provision ladoes not allow for its interpretation as the non-exhaustive list of illustrative activities the concurring opinion would read it as. Rather, the “equine activity” must be “sponsored by an equine activity sponsor.” Moreover, the phrase “or other equine activity of any type however informal or impromptu” is preceded by the qualifying phrase “[a] ride, trip, hunt.” Petting, talking to and giving treats to horses hardly falls within the universe of activities relating to a ride, trip or hunt-the activities addressed in this subsection. Finally, and most significantly, the “equine activity” referenced in this subsection is itself a defined term, the definition being contained in La. R.S. 9:2795.3(A)(3)(a)-(f). Clearly, had the legislature intended to confer a broad, all-encompassing immunity, it could have done so very simply by extending immunity to all “equine activity,” without adding the extensive and detailed definitional language in the statute delineating what activity constitutes “equine activity” and what “engages in an equine activity” means. La. R.S. 9:2795.3(A)(1) and (3). The fact that the legislature did not choose that path is telling.
In crafting La. R.S. 9:2795.3, the legislature has gone to great lengths to delineate exactly what conduct is encompassed within the grant of statutory immunity. Petting and talking to horses, as well as feeding them treats, is not conduct that is delineated in the statute as being subject to the grant of immunity. Thus, consistent with the long-settled rule that statutes in derogation of common law or natural rights must be strictly construed,[1]1 must, for the reasons cited above, respectfully disagree with the statutory analysis of my esteemed colleague.
Finally, and insofar as the majority opinion is concerned, I would note that La. R.S. 9:2795.3(C)(2) provides an exemption from statutory immunity for the failure of |4an equine activity sponsor, equine professional, or any other person to “make reasonable and prudent efforts to determine the ability of the participant to engage safely in the equine activity and to safely manage the particular equine based on the participant’s representations of his ability.” La. R.S. 9:2795.3(0(2) (emphasis added). In the present case, there is testimony that the school pony, Wesley, had previously bitten a child, creating a factual dispute as to whether the horse had a known history of biting. There is also disputed testimony as to whether signs had been posted warning people not to feed the horses. Given the existence of these disputed issues of material fact, I concur in the majority’s decision to affirm the decision of the court of appeal and remand this matter to the district court.

. See, Monteville v. Terrebonne Parish Consol. Government, 567 So.2d 1097, 1100-1101 (La. 1990) (and cases cited therein),